IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT K. GRANVILLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-0849 |
| | § | |
| NATHANIEL QUARTERMAN, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against prison officials Nathaniel Quarterman, Tim Morgan, and Kevin Wheat for violations of the free exercise clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq*. Defendants filed a motion for summary judgment (Docket Entry No. 41), to which plaintiff filed a response (Docket Entry No. 48).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS IN PART and DENIES IN PART the motion for summary judgment, and ORDERS as follows.

*Background and Claims*

Plaintiff complains that the following prison policies and practices violate RLUIPA and his First Amendment free exercise rights:

(a) prison prohibition against inmates attending religious services while on disciplinary cell restriction;

(b) prison policy that requires inmates walk unclothed in the hallway to the showers in view of female employees and other males; and

    (c)    prison prohibition against inmates wearing boxer shorts while showering.

He seeks a declaratory judgment and injunctive relief.[1]

Defendants move for summary judgment and contend that plaintiff's claims regarding the religious services cell restriction policy are moot because TDCJ amended AD-03.70 (rev. 5) to allow inmates on cell restriction to attend religious services, that plaintiff suffered no violation of RLUIPA by being disallowed from showering in boxer shorts or being required to walk unclothed to the showers, and that he failed to exhaust his First Amendment claims.

### *Summary Judgment Standards*

Under Federal Rule of Civil Procedure 56, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Securities and Exchange Commission v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994).

To avoid summary judgment, the non-moving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The Fifth Circuit has stated that once the moving party has met its burden, the non-movant must direct

---

[1] By separate order pursuant to section 1915A, the Court dismissed plaintiff's claims for compensatory and punitive damages and his claims regarding prison storage policies (Docket Entry No. 21). Further, plaintiff is not entitled to monetary relief under RLUIPA as to any of his claims. *See Sossamon v. Texas*, ___U.S. ___, 131 S. Ct. 1651, 1663 (2011).

the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential element of the opposing party's claim is without factual support. *First American Bank & Trust of Louisiana v. Texas Life Ins. Co.*, 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Caldas & Sons v. Willingham*, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to come forward with evidence sufficient to establish the existence of a genuine issue of material fact. *Id.*, 17 F.3d at 126–27.

Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. *Recile*, 10 F.3d at 1097. In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient probative evidence to show that a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Hulsey*, 929 F.2d at 170.

### *Religious Services Cell Restriction Policy*

A threshold question in this case is whether plaintiff's constitutional and RLUIPA claims regarding the prison's religious services cell restriction policy presents a justiciable

3

controversy under the constitutional case-or-controversy requirement. *See* U.S. CONST. art. III, § 2, cl. 1. Defendants contend that plaintiff's claims are moot because, under the amended policy, inmates on cell restriction may now attend religious services. The mootness doctrine requires that any controversy posed by a plaintiff in his complaint be "live" not only at the time the complaint is filed but also throughout the litigation process. *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990).

Plaintiff's claims against the religious services cell restriction policy are moot under the United States Supreme Court's decision in *Sossamon v. Texas*, ___U.S. ___, 131 S. Ct. 1651 (2011), and the Fifth Circuit Court of Appeals' decisions in *DeMoss v. Crain*, 636 F.3d 145, 150 (5th Cir. 2011). In *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009), the Fifth Circuit held that the prison system's cessation of the religious services cell restriction policy had the effect of mooting an inmate's request for injunctive and declaratory relief. 560 F.3d at 326. This holding was affirmed by the Supreme Court in *Sossamon v. Texas*. The Fifth Circuit recently cited *Sossamon* in holding that a challenge to the prison's policy that inmates confined in their cells for disciplinary infractions were prohibited from attending religious services became moot for purposes of injunctive and declaratory relief due to the prison's voluntary abandonment of the policy. *DeMoss v. Crain*, 636 F.3d 145, 150–51 (5th Cir. 2011). These cases govern the summary disposition of plaintiff's instant challenges to the now defunct religious services cell restriction policy.

Further, because he presents no probative summary judgment evidence that the policy change was intended as a temporary resolution of the claims raised in this lawsuit or that prison officials presently intend to restore the prior policy, plaintiff fails to show grounds for

4

not holding his claims moot. Additionally, plaintiff's request for costs of court should he prevail in this lawsuit does not prevent the dismissal of his underlying claims as moot.

Accordingly, defendants' motion for summary judgment is GRANTED and plaintiff's challenges to the religious services cell restriction policy are DISMISSED.

### *Religious Freedom Claims*

Plaintiff claims that his constitutional right to religious freedom was violated by prison policies prohibiting inmates from wearing boxer shorts while showering and requiring them to walk unclothed to the showers in view of female employees and other males. He states that his religious faith requires him to maintain modesty. He seeks a declaratory judgment and injunctive relief under these claims.

Defendants do not seek summary judgment on the merits of these claims; instead, they contend that plaintiff failed to exhaust the claims through the prison grievance system prior to filing suit. The Court notes, however, that plaintiff attached copies of what would appear to be the relevant step 1 and step 2 grievances to his original complaint. (Docket Entry No. 1-1, pp. 4–7.) Consequently, defendants have not met their burden of proof as to exhaustion, and their motion for summary judgment on these claims is DENIED.

### *RLUIPA Claims*

Plaintiff also claims that these same two policies – prohibiting inmates from wearing boxer shorts while showering and requiring them to walk unclothed down the hall to the showers – violate protections afforded him by RLUIPA. He seeks a declaratory judgment and injunctive relief.

Under RLUIPA, a government is prohibited from imposing a substantial burden on a prisoner's exercise of religious freedom unless there is a compelling governmental interest

5

and the burden is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc–1. Therefore, in order to make a claim under RLUIPA, a prisoner must initially show that the prison's regulations imposed a substantial burden on his exercise of religious activity. *Adkins v. Kaspar,* 393 F.3d 559, 564–65 (5th Cir. 2004). A governmental action or regulation creates a "substantial burden" on a religious exercise if it truly pressures the offender significantly to modify his religious behavior and significantly violates his religious beliefs. *Id.* at 569–70. If a plaintiff meets his burden of proof, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield v. Tex. Dept. of Criminal Justice*, 529 F.3d 599, 613 (5th Cir. 2008). Although RLUIPA imposes strict scrutiny of prison regulations, courts are to apply the RLUIPA test "with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 722–23 (2005). Thus, RLUIPA does not elevate accommodation of religious observances over a prison's need to maintain order, security, and safety, consistent with consideration of costs and limited resources. A prison is free to resist requests for religious accommodations that either impose unjustified burdens on other prisoners, or jeopardize the effective functioning of a prison. *Id.* at 725–26.

    Plaintiff alleges that being required to walk down the prison hall unclothed and to shower without wearing boxing shorts imposes a substantial burden on his exercise of religious activity, in that his faith requires he not appear unclothed before any female other than his wife, or before any male not within his own family. The Court finds that this

6

allegation is sufficient to shift the burden to the State and require it to show that its actions were supported by a compelling interest and that the subject policies are the least restrictive means of carrying out that interest.

In support of their motion for summary judgment, defendants submit the affidavit of Charles Bell, Assistant Director of Prison Security, who testifies as follows:

> The mission of the Texas Department of Criminal Justice (TDCJ) is to provide safe and appropriate confinement, supervision, rehabilitation and reintegration of adult felons, and to effectively manage or administer correctional facilities based on constitutional and statutory standards. The Correctional Institutions Division is responsible for the confinement of adult felony offenders who are sentenced to prison. As part of our public trust, we must operate safe and secure facilities in as fiscally sound a manner as possible.
>
> Plaintiff complains about the TDCJ policy that requires inmates to be naked in the shower. Due to the design of the shower rooms at the older units, such as Wynne and Clemens Units, the offenders are routinely escorted nude in groups into the shower room.[2] After they finish their shower and dry off they proceed to a 'necessity line' where they are issued clean clothes and get dressed. Only in extraordinary situations are female correctional officers assigned to the shower. However, there is always the possibility that a female could pass by on her way to an assignment or other duty in that area.
>
> In the newer units, such as Michael and Connally, it is less likely that a female will view an inmate in the shower area. There is a door that covers the mid-torso area of the showering/dressing males. However, there are female officers assigned to positions as rovers, who while working in the cellblocks may at times be in a position to observe males entering/exiting the showers.
>
> Although, as noted above, TDCJ makes every attempt to reduce the likelihood that a male inmate will be viewed naked, there are few alternatives which would completely eliminate the possibility that female officers may at times view offenders during the shower process. Women account for about 38.1% of the TDCJ security workforce. At any male-populated unit, the female officers are typically assigned to any duty station that a male officer would work except for the shower areas. These duty stations would include desk assignments, library, education, rover, picket and field force. Unless a critical or emergency situation arose, only male officers are assigned to certain jobs

---

[2] Plaintiff is assigned to the Estelle Unit.

7

> such as the shower area. Females are assigned to the shower area only in extraordinary circumstances and when no reasonable alternative exists. Additionally, allowing all offenders to wear boxer shorts in the shower area would pose a tremendous security problem, allowing more chances for contraband to be exchanged, or weapons to be concealed, in this small, enclosed space.

(Docket Entry No. 41, Exhibit C.)

Defendants contend that this affidavit testimony establishes that plaintiff suffered no violation of RLUIPA because the challenged policies are both in furtherance of a substantial government interest and the least restrictive means of fulfilling that interest. However, the affidavit testimony misses the mark. Plaintiff does not limit his complaints to being seen naked in the shower by female prison employees; to the contrary, he complains that he must travel down the prison hall unclothed in view of other inmates and prison employees, male and female alike, and that he must shower completely unclothed, again in view of other inmates and prison employees. Moreover, the affidavit wholly fails to discuss the essential RLUIPA factors: that the prison's actions were supported by a compelling interest and that the subject policies are the least restrictive means of carrying out that interest. Accordingly, defendants present no probative summary judgment evidence in support of their position that the subject policies did not violate plaintiff's rights under RLUIPA.

The motion for summary judgment is DENIED as to plaintiff's claims brought pursuant to RLUIPA.

*Conclusion*

The Court ORDERS as follows:

1. Defendants' motion for summary judgment (Docket Entry No. 41) is GRANTED IN PART, and plaintiff's claims regarding the religious services cell restriction policy are DISMISSED AS MOOT.

2. Defendants' motion for summary judgment (Docket Entry No. 41) is DENIED IN PART, and plaintiff's First Amendment religious freedom claims regarding prison policies prohibiting the wearing of boxer shorts in showers and requiring inmates to walk to the showers unclothed are RETAINED.

3. Defendants' motion for summary judgment (Docket Entry No. 41) is DENIED IN PART, and plaintiff's claims under RLUIPA are RETAINED.

4. Any additional motion for summary judgment deemed appropriate by defendants must be filed by JUNE 11, 2012.

5. Plaintiff's objections to defendants' exhibits attached to the motion for summary judgment are DENIED.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on April 16, 2012.

_____
Gray H. Miller
United States District Judge