IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT K. GRANVILLE,                §
                                    §
         *Plaintiff*,               §
                                    §
v.                                  §          CIVIL ACTION H-07-0849
                                    §
RICK THALER, ET AL.,                §
                                    §
         *Defendants*.              §

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this *pro se* state inmate section 1983 lawsuit is the supplemental motion for summary judgment filed by defendants Rick Thaler, Tim Morgan, and Kevin Wheat.  (Docket Entry No. 65.)  Although the motion has been on file for over sixty days, plaintiff has not filed a response to the motion.[1]

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court GRANTS the supplemental motion for summary judgment (Docket Entry No. 65), and DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff complains that the following prison policies and practices violate RLUIPA and his First Amendment religious freedom rights:

---

[1]Defendants informed the Court that plaintiff discharged his sentence on July 12, 2012, and was released from prison.  Plaintiff notified the Court of his new address in Dallas, Texas, but has not filed a response to the pending motion.

(a)     prison prohibition against wearing boxer shorts while showering; and

(b)     prison policy that requires inmates to walk unclothed down a hallway
        to the showers in view of female employees and other males.

Plaintiff claims that he was subjected to these policies and practices as an inmate at the Estelle Unit.  He seeks a declaratory judgment and injunctive relief.  Monetary compensation is not sought.

Defendants move for summary judgment and contend that plaintiff is not entitled to declaratory and injunctive relief because he has discharged his sentence and is no longer incarcerated.  Defendants further contend that plaintiff was allowed to wear boxer shorts and was not required to walk unclothed down the hallway to the showers.  Plaintiff has not opposed defendants' motion.

### *Summary Judgment Standards*

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Securities and Exchange Commission v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994); FED. R. CIV. P. 56(c).

To avoid summary judgment, the non-moving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The Fifth Circuit has stated that once the moving party has met its burden, the non-movant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential element of the opposing party's claim is without factual support. *First American Bank & Trust of Louisiana v. Texas Life Ins. Co.*, 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Caldas & Sons v. Willingham*, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to come forward with evidence sufficient to establish the existence of a genuine issue of material fact. *Id*. at 126–27.

Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir.

3

1991).  Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact.  *Recile*, 10 F.3d at 1097.  In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Hulsey*, 929 F.2d at 170.  The Supreme Court recognizes that facts must be viewed in the light most favorable to the nonmoving party at the summary judgment stage only if there is a genuine dispute as to those facts.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### *Mootness*

Following the filing of the instant supplemental motion for summary judgment, plaintiff discharged his sentence and was released from prison.  Because plaintiff is no longer in custody, and nothing in the record raises an issue of continuing harm or a real and immediate threat of repeated injury, his requests for injunctive relief regarding prison policies and practices have become moot.  *See  Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).  Accordingly, defendants' supplemental motion for summary judgment seeking dismissal of plaintiff's claims for prospective injunctive relief as moot is GRANTED, and plaintiff's claims for prospective injunctive relief  are DISMISSED AS MOOT.

Defendants further argue that, for the same reason, plaintiff's claims for declaratory relief have become moot.  The Fifth Circuit has explained that whether a claim for declaratory judgment is moot depends on "whether the facts alleged, under all the

4

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Florida Bd. of Bus. Regulation v. N.L.R.B.*, 605 F.2d 916, 918–19 (5th Cir. 1979) (citations and internal quotations omitted). Here, plaintiff complains of prison policies or practices governing inmate attire while showering and walking to the showers. Plaintiff has discharged his sentence, is no longer in prison, and is no longer subject to these alleged policies and practices. Moreover, the Court has dismissed as moot plaintiff's underlying claims for injunctive relief. Accordingly, defendants are entitled to summary judgment, and plaintiff's claims for declaratory relief are DISMISSED AS MOOT.

Regardless, plaintiff's claims are without merit, as shown below.

### *Analysis*

Plaintiff claims that his constitutional right to religious freedom and protections afforded him under RLUIPA were violated by prison policies prohibiting him from wearing boxer shorts while showering and requiring him to walk unclothed down the hallway to the showers in view of female employees and male inmates. He claims that his religion requires him to maintain physical modesty. He seeks a declaratory judgment and injunctive relief under these claims.

In an affidavit submitted by defendants in support of the supplemental motion for summary judgment, Cody Ginsel, Senior Warden at the Estelle Unit, testifies as follows:

> Offenders at the Estelle Unit have been advised that they may shower in their boxer shorts if they so choose. [Plaintiff] has been told that he may shower in his boxer shorts. [Plaintiff] has chosen not to shower in his boxer shorts as recently as April 25, 2012.
>
> Offenders at the Estelle Unit are not required to walk in the hallway to the showers unclothed. Offenders walk to the shower door entrance where they disrobe and exchange their soiled clothes for clean clothes, soap, and a towel. Offenders at the Estelle Unit then enter the showers.

(Docket Entry No. 65, Exhibit A, p. 1.)

Plaintiff has not responded to this affidavit and has not controverted the factual allegations set forth therein. Consequently, defendants have presented probative summary judgment evidence that plaintiff was allowed, but declined, to wear boxer shorts while showering, and that he was not required to walk unclothed down the hallway to the showers and was required to disrobes only at the shower doors. Because these uncontroverted facts negate the factual and legal basis for plaintiff's First Amendment and RLUIPA claims, the claims are without merit.

### *State Law Claims*

Because the Court has concluded that all of the federal claims asserted in this action should be dismissed, the Court declines to exercise supplemental jurisdiction over any state law claim that plaintiff may be attempting to assert. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction). Accordingly, plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE to being pursued in state court.

### *Conclusion*

The Court ORDERS as follows:

1.    Defendants' supplemental motion for summary judgment (Docket Entry No. 65) is GRANTED.

2.    Plaintiff's federal claims against the defendants are DISMISSED WITH PREJUDICE.

3.    Plaintiff's state law claims against the defendants are DISMISSED WITHOUT PREJUDICE.

4.    All other pending motions are DENIED AS MOOT.

Signed at Houston, Texas on August 30, 2012.

_____
Gray H. Miller
United States District Judge

7